IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ESPERANZA RODRIGUEZ,<br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the Social<br>Security Administration,<br>    Defendant. | §<br>§<br>§<br>§    NO. EP-14-CV-00140-RFC<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be affirmed.

## BACKGROUND

Plaintiff, who was born on November 7, 1962, was fifty years old at the time of the Administrative Law Judge's ("ALJ") decision in this case. (R:115) She has past relevant work experience as a chef, cleaner, operator, and food preparation worker. (R:21) She has only a sixth-grade education, which she received in Mexico, and she is unable to speak, write, or read the English language. (R:35, 140)

**PROCEDURAL HISTORY**

On June 24, 2011, Plaintiff filed an application for DIB, alleging impairments that became disabling on May 1, 2011.  She alleged that her disability was due to diabetes, blurry vision, difficulty breathing, and high cholesterol.  (R:49-50, 115-118, 141)  The application was denied initially and on reconsideration.  (R:48-55, 60-62)  Plaintiff filed a request for a hearing, which was conducted on October 29, 2012.  (R:28-47)  Plaintiff testified at the hearing.  (R:35-47)  A vocational expert was present but did not testify.  (R:30)  The ALJ issued his decision on December 21, 2012, denying benefits.  (R:14-22)  Plaintiff's request for review was denied by the Appeals Council on February 21, 2014.  (R:1-6)

**ISSUES**

Plaintiff claims that the record does not contain substantial evidence to support the ALJ's finding that Plaintiff is not disabled and that the ALJ's decision is the result of legal error.  (Doc. 20:2, 3, 6)  She argues that the ALJ erroneously excluded limitations from her obesity and shoulder and back impairments in his RFC finding, (*id.* at 3-6), and further erred in concluding that she could perform all the requisites of medium work.  *Id*. at 6.  She also argues that legal error resulted from the failure to move to step five of the sequential evaluation, where the burden of proof would have shifted to the Commissioner, thus prejudicing Plaintiff and requiring remand.  *Id*. at 6.

Plaintiff requests that the ALJ's decision be reversed and the cause remanded for an award of benefits or, in the alternative, for additional administrative proceedings.  *Id*.

## DISCUSSION

*A.   Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In reviewing the substantiality of the evidence, the Court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial-evidence standard, the court must carefully examine the entire record, but may not re-weigh the evidence or try the issues *de novo*. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

### B. Evaluation Process

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which. . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520.

An individual applying for benefits bears the initial burden of proving that she is disabled for purposes of the Act. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). The claimant bears the burden of proof on the first four steps, and once met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989).

### C. The ALJ's Decision

First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 1, 2011. (R:16) Plaintiff met the insured status requirements of the Social Security Act through June 30, 2015. *Id*.

At the second step, the ALJ found that Plaintiff had the following severe impairment: diabetes mellitus. (R:16) The diabetes mellitus was nonsevere, though, from her alleged onset date, May 1,

2011, through June 20, 2011.  *Id*.  The ALJ found that Plaintiff had non-severe impairments of depression, rotator cuff tear, and disc herniations of the lumbar spine.  *Id*.

At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (R:18)

Next, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of medium work.  (R:19)  Medium work, as defined in 20 C.F.R. § 404.1567(c), includes the ability to lift no more than 50 pounds at a time with frequent lifting and carrying of objects weighing up to 25 pounds, and the ability to stand and walk 6 hours out of an 8-hour workday, with intermittent sitting.  *See* SSR 83-10, 1983 WL 31251 (describing the exertional requirements of medium work).  At step four, the ALJ found that Plaintiff was able to perform her past relevant work as a cleaner, operator, food preparation worker, and chef.  (R:21)  Consequently, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act, and was not entitled to DIB.  (R:21-22)

Finally, the ALJ stated in his decision that he carefully considered the entire record and all of Plaintiff's symptoms.  (R:19)  Throughout his decision, the ALJ cited to the pertinent administrative regulations.  (R:14-22)

**D.**   ***The Parties' Positions***

In the Disability Report, Plaintiff indicated that her ability to work is limited by diabetes, high cholesterol, blurry vision, and difficulty breathing.  (R:141)  She claims the ALJ failed to include all limitations of Plaintiff's impairments when determining the RFC.  (Doc. 20:3)  Specifically, she argues that the ALJ excluded limitations resulting from Plaintiff's obesity, back impairment, and

shoulder impairment. *Id.* In support of her position, Plaintiff refers to her testimony regarding her left shoulder problems, her inability to lift with her left arm, constant lower back pain that radiates to other parts of her body, her ability to walk about a block, stand for about thirty to forty minutes, sit for about twenty minutes, and lift objects no heavier than five to seven pounds (Doc.20:4; R:44), thus demonstrating difficulties as they relate to standing, walking, sitting, and lifting. (Doc. 20:4; R:190) Plaintiff contends that, but for the ALJ's faulty RFC finding, she should have been found unable to perform her past relevant work and the ALJ would have proceeded to step five of the sequential evaluation. (Doc. 20:6) At that point, the ALJ would presumably have considered the Medical Vocational Guideline rules applying to sedentary work, specifically rule 201.17, which would direct a conclusion that Plaintiff was disabled. (R:32) In sum, because the burden of proof never shifted to the Commissioner, the ALJ committed an error of law which requires reversal. (Doc. 20:6)

      The Commissioner contends that the ALJ's decision is not the result of legal error and is substantially supported by the evidence. (Doc. 21:4, 9) She argues that the Plaintiff's arguments regarding failure to consider Plaintiff's obesity and shoulder and back impairments are flawed because the evidence fails to show that any functional limitations stem from those impairments. (Doc. 21:4-8) The Commissioner also argues the totality of the evidence in the record— to include the medical evidence and Plaintiff's non-compliance with her prescribed medical treatment—all clearly shows that substantial evidence supports the ALJ's RFC determination and demonstrates that there is no error of law that mandates reversal. (Doc. 21:4-10)

### E. *The ALJ's RFC Determination is Supported by Substantial Evidence*

Residual function capacity is the most an individual can do despite her limitations. 20 C.F.R. § 404.1545. The responsibility to determine a claimant's RFC belongs to the ALJ. *Ripley*, 67 F.3d at 557. In making her determination, the ALJ must consider the evidence of record and evaluate the claimant's abilities despite her physical and mental limitations. *See Martinez*, 64 F.3d at. The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The ALJ is not required to incorporate limitations in the RFC that she did not find to be supported by the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

It is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of her impairments. *See* U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c). A medically determinable impairment must be established by acceptable medical sources. 20 C.F.R. § 404.1513(a). Plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529.

A review of the record shows that substantial evidence exists to support the ALJ's RFC and step four determinations in this case. To begin with, the evaluations of the non-examining state physicians provide substantial evidence for a conclusion that Plaintiff was able to perform medium work. Both physicians concluded that Plaintiff did not have any severe impairments, thus supporting the ALJ's RFC determination. (R:279, 283); *see* 20 C.F.R. § 404.1527(e) (State agency non-examining physicians are highly qualified experts upon whom the ALJ may rely).

As the Commissioner points out, relatively normal objective medical findings were observed during June 20, 2011, and December 28, 2011, emergency room visits, thus further supporting the ALJ's RFC finding. (R:223, 226, 231, 363, 365, 371, 373, 441) The June 20th examination revealed Plaintiff had a normal range of motion in her neck and back and that she had no back pain. (R:226, 231, 441) She had normal motor and sensation findings and intact range of motion in her extremities on that day. *Id*. She denied pain when she was discharged. (R:223) Subsequently, on December 28, 2011, an examination of Plaintiff showed normal range of motion and alignment in her back and normal strength, sensory, and motor findings. (R:363, 371) These findings also provide substantial evidence that supports the ALJ's determination that Plaintiff could perform medium work.

Plaintiff also contends that the ALJ erred by failing to consider the limitations resulting from Plaintiff's back impairment, shoulder impairment, and her obesity, thus rendering the RFC assessment and step four determinations defective. (Doc. 20:3) A review of the record demonstrates that this argument also lacks merit. Plaintiff relies on her own testimony, magnetic resonance imaging ("MRI") results of Plaintiff's lumbar spine and shoulder, and treating physician Dr. See's Medical Source Statement, which indicates that Plaintiff can perform less than the full range of sedentary work. (Doc. 20:4; R:445-448)

In arriving at his decision, the ALJ assessed Plaintiff's credibility and subjective claims regarding pain and symptoms. It was within his broad discretion to weigh the evidence and make credibility determinations. *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). After evaluating the evidence along with Plaintiff's testimony at the hearing, he concluded that Plaintiff's medically determinable impairments could be expected to cause some of her alleged symptoms, but that her

statements regarding the intensity, persistence, and limiting effects of the symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment. (R: 21)

Plaintiff's reliance on the MRIs is similarly unavailing. Although these results may establish that there are back and shoulder impairments present here, the MRI records themselves, along with the rest of the record, are devoid of any medical evidence that indicates what functional limitations result from the back and shoulder impairments. The mere presence of an impairment does not establish limitations or disability. *See Hames*, 707 F.2d at 165.

Plaintiff also relies on the Medical Source Statement ("MSS") provided by treating physician, Dr. See. (Doc. 20:4) Dr. See opined that Plaintiff can perform a significantly restricted range of sedentary exertional activity. She noted that Plaintiff can stand and walk about six hours in an eight-hour workday due to a history of hell spasms, and is unlimited in her ability to sit. She is limited in her ability to push and pull with her upper extremities due to a history of shoulder pain. Further Plaintiff can never climb ramps, stairs, ladders, ropes or scaffolds, balance, kneel, crouch, crawl, or stoop. She is limited in her ability to reach in all directions and can only occasionally handle and finger, as she has limited range of motion in her left shoulder due to pain. Also, Plaintiff has a limited ability to tolerate temperature extremes, dust, vibration, humidity, wetness, and hazards. Finally, Plaintiff has diabetes mellitus that causes her poor balance. (R:445-448)

The ALJ gave minimal weight to Dr. See's opinion that Plaintiff was capable of a significantly limited range of sedentary exertional activity. (R:21) A review of the record supports the ALJ's conclusion. It contains no other evidence or treatment notes from Dr. See that support her conclusion, and she did not list sufficient objective medical or clinical evidence to support the restrictions she assessed on the form. The fact that Dr. See's MSS was unsupported by treatment

records, or by any actual physical examinations of Plaintiff, was made abundantly clear by Plaintiff's counsel at the hearing before the ALJ, when he admitted that no support existed for Dr. See's conclusions in the MSS other than the MRIs. (R:34)

The ALJ addressed Plaintiff's severe impairment of diabetes mellitus. (R:16-17) Medical records repeatedly showed that Plaintiff's diabetes is managed when she is compliant with her medication. (R:236-274) Furthermore, there was no objective evidence that there is any end organ damage that significantly limits Plaintiff. (R:21) Impairments that are remedied or controlled by medication or treatment are not disabling. *Lovelace v. Brown*, 813 F.2d 55, 59 (5th Cir. 1987).

The Court similarly rejects any arguments that the ALJ erroneously excluded limitations resulting from her depression in his RFC determination. A review of the entire record shows that no medical evidence is available which attributes limitations to Plaintiff's depression which would render the ALJ's RFC determination invalid. June, 2011 medical records from Sierra Providence East Medical Center show there was a negative result for depression. (R:441) Dr. See concluded that Plaintiff's mental condition did not impose more than minimal limitations. (R:235) The ALJ considered these minimal limitations in arriving at Plaintiff's RFC. (R:19)

The Court concludes that the ALJ erred in not discussing Plaintiff's obesity when evaluating her RFC as is required by SSR 02-1P. Nevertheless, the Court finds that this omission amounts to harmless error and does not require remand. The Court first recognizes that the ALJ did discuss Plaintiff's obesity during his step two analysis. (R:17) The ALJ recognized that on March 29, 2011, Plaintiff's diabetes mellitus and obesity were described as managed with diet and oral medications with no associated symptoms, and she was compliant with her medication at that time. *Id*. He later considered all symptoms and the extent to which these symptoms could reasonably be accepted as

consistent with the objective medical evidence and other evidence in arriving at Plaintiff's RFC. (R:19) Thus, it is apparent that obesity was taken into account by the ALJ in arriving at his RFC finding.

Assuming that the ALJ committed error here, Plaintiff utterly fails to show how her obesity caused functional limitations beyond those included in the ALJ's RFC finding. Thus, there is no showing of prejudice. "Procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected...The major policy underlying the harmless error rule is to preserve judgments and avoid waste of time." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). The court will remand for further proceedings only where the procedural imperfection casts doubt on the existence of substantial evidence to support the ALJ's decision of non-disability. *See Morris*, 864 F.2d at 335.

In addition, the ALJ properly considered that the Plaintiff has consistently been non-compliant with respect to taking her prescribed insulin and following medical advice regarding diet and exercise. (R:17, 21) Medical records show that she repeatedly was non-compliant in these areas from November, 2009 through March of 2011. (R:236, 242, 248, 308, 312)

The import of this consistent behavior stems from the fact that failure to follow prescribed treatment is an indication of non-disability. *See Villa v. Sullivan,* 895 F.2d 1019, 1024 (5th Cir. 1990). Plaintiff provided no good reasons for her failure to follow her prescribed regimen regarding diet, exercise, and medication. *See Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987). Thus, the ALJ was justified in his finding of non-disability on this ground also.

In sum, Plaintiff has not shown that her RFC prevented her from returning to her past relevant work. Plaintiff bears the burden of proof to show an inability to perform her past relevant work. *See*

*Villa*, 895 F.2d at 1023.  For example, Plaintiff's description of her past relevant work as an operator, coupled with her RFC for the full range of medium work, are consistent with the ALJ's determination that she could perform this particular past relevant work as she actually performed it.  (R:19, 21, 163).  Therefore, due to all the reasons which have been provided throughout this opinion, and the fact that Plaintiff has not established that she cannot perform her past relevant work as an operator, the Court determines that Plaintiff has failed to meet her burden of proof at this stage of the evaluation process.  Therefore, the Court finds no error in this regard.

Hence, because the ALJ arrived at RFC and step four determinations that are fully justified under applicable law, there was no need to proceed to step five where the burden of proof would have shifted to the Commissioner.  Therefore, there is no error in this regard which requires reversal.

Plaintiff is not entitled to relief based on the claims raised.

## CONCLUSION

The Court concludes that any deviation from the relevant legal standards was harmless and the ALJ's decision is supported by substantial evidence.  Based on the foregoing, it is hereby **ORDERED** that the Commissioner's determination be **AFFIRMED**.

**SIGNED** and **ENTERED** on February 1, 2016.

_____
**ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE**